IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BESTCARE NURSING AND RESIDENTIAL )<br>SERVICES, INC., and )<br>KOLAWOLE ADEOLA, )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:16-cv-00899-JFM |

**DEFAULT JUDGMENT AND ORDER OF PERMANENT INJUNCTION**

Default having been entered against Defendants BestCare Nursing and Residential Services, Inc. and Kolawole Adeola for their failure to appear or otherwise defend against this suit, and the United States having requested a judgment for federal taxes and civil penalties against Defendant BestCare, and to permanently enjoin each defendant from violating and interfering with the administration of the internal revenue laws, and having considered all evidence presented in this case, and for good cause shown, the United States' Motion is granted.

A default judgment is hereby entered against Defendant BestCare in the total amount of $1,989,111.76, as of February 15, 2016, plus statutory interest, penalties, and costs that have accrued or will continue to accrue thereafter according to law, as described in Counts I, II, and III of the plaintiff's complaint. Both defendants shall be permanently enjoined pursuant to 26 U.S.C. § 7402(a) from further accruing unpaid federal employment and unemployment tax liabilities, and are ordered to comply with the internal revenue laws and the terms of this Court's order. The Court hereby finds as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This court has jurisdiction over this case and each defendant pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

3. The defendants, BestCare Nursing and Residential Services, Inc. and Kolawole Adeola, have each been properly served with the summons and complaint in this action, as required by Fed. R. Civ. P. 4.

4. Both defendants have failed to answer or otherwise defend against this action. The Clerk of Court properly entered the default of both defendants on April 25, 2016.

5. As alleged in Count I of the complaint, a delegate of the Secretary of the Treasury properly and timely made assessments against the defendant, BestCare Nursing and Residential Services, Inc., for unpaid federal employment (Forms 941 and 944) taxes and statutory addition to tax, including interest, for various taxable periods that ended between December 31, 2009 and September 30, 2014.

6. Despite notices and demand for payment by the Internal Revenue Service of the foregoing federal tax liabilities, BestCare failed to pay its federal employment tax liabilities for certain taxable periods ending between December 31, 2009 and September 30, 2014. As a result, the Court has determined that defendant BestCare is indebted to the United States for unpaid federal employment taxes in the total amount of $1,965,623.85, as of February 15, 2015, plus statutory additions, including interest, accruing after that date.

7. As alleged in Count II of the complaint, a delegate of the Secretary of the Treasury properly and timely made assessments against the defendant, BestCare Nursing and Residential Services, Inc., for unpaid federal unemployment (FUTA Form 940) taxes, and statutory additions to tax, including interest, for various taxable periods ending on December 31, 2011 and December 31, 2012.

8. Despite notice and demand for payment by the Internal Revenue Service of the foregoing federal tax liabilities, BestCare failed to pay its federal unemployment tax liabilities. As a result, the Court has determined that defendant BestCare is indebted to the United States for unpaid federal unemployment taxes in the total amount of $18,123.22, as of February 15, 2015, plus statutory additions, including interest, accruing after that date.

9. As alleged in Count III of the complaint, a delegate of the Secretary of the Treasury properly and timely made assessments against the defendant, BestCare Nursing and Residential Services, Inc., for unpaid federal civil tax penalties under section 6651 of the Internal Revenue Code, including statutory interest and additions, which resulted from BestCare's failure to timely file its corporate income tax returns for the taxable periods ending on December 31, 2010; December 31, 2012; and December 31, 2013.

10. Despite notice and demand for payment by the Internal Revenue Service of the foregoing federal tax liabilities, BestCare failed to pay its federal civil tax penalties. As a result, the Court has determined that defendant BestCare is indebted to the United States for unpaid penalties under Code section 6651 in the total amount of $5,364.69, as of February 15, 2016, plus statutory additions, including interest, accruing after that date.

11. Under 26 U.S.C. § 7402(a), this Court may issue any injunction necessary or appropriate for enforcement of the internal revenue laws. *See United States v. Ernst & Whinney*, 735 F.2d 1296, 1200-01 (11th Cir. 1984), *cert. denied*, 470 U.S. 1050 (1985).

12. BestCare Nursing and Residential Services, Inc., as an employer, is required to withhold federal income and Federal Insurance Contributions Act (FICA) taxes from its employee's wages, and to pay over those withholdings, along with the employer's share of its FICA and Federal Unemployment Tax Act (FUTA) taxes, to the Internal Revenue Service. 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

13. BestCare Nursing and Residential Services, Inc., as an employer, is also required to timely file Employer's Quarterly Federal Tax Returns (IRS Forms 941) within thirty days of the end of each taxable quarter, and to file Employer's Annual Federal Unemployment (FUTA) Tax Returns (IRS Forms 940), with the Internal Revenue Service before January 31st following the end of each taxable year. 26 U.S.C. § 6011; Treas. Reg. § 31.6701(a)-1.

14. A permanent injunction against BestCare is necessary and appropriate for the enforcement of the internal revenue laws because BestCare is substantially interfering with the internal revenue laws in the following ways:

    a. Failing to fully pay its federal employment tax liabilities over to the IRS that accrued for tax years 2009 and 2010;

    b. Failing to fully pay its federal employment tax liabilities or make federal tax deposits to the IRS for fourteen consecutive tax periods between the second taxable quarter of 2011 and the third taxable quarter of 2014;

    c. Failing to pay over its Federal Unemployment Tax Act (FUTA) liabilities for tax years 2011 and 2012;

    d. Failing to timely file its 2011 and 2012 federal unemployment tax returns; and

    e. Continually and repeatedly failing to withhold and pay over to the IRS its current employment tax liabilities.

15. The IRS has expended significant resources attempting to bring BestCare into compliance with the internal revenue laws. The IRS recorded multiple Notices of Federal Tax Liens against BestCare for all of the unpaid federal taxes at issue in this case. Declaration of Revenue Officer Kinaberly Sauls, ¶12.

16. Demands for payment and notices of intent to levy upon assets of BestCare were made upon the corporation, only to be met with further non-compliance.

17. Furthermore, IRS Revenue Officer Kinaberly Sauls personally served a copy of IRS Form Letter 903 ("You Haven't Deposited Federal Employment Taxes") on Kolawole Adeola on April 17, 2013. The letter states "our records show that you haven't deposited federal employment taxes as required by deposit rules set forth in Treasury Regulation Section 31.6302. If you do not comply with these rules in the future, we must consider stricter enforcement…" and "[i]f there is continued non-compliance, we may consider pursuing a suit for civil injunction under Internal Revenue Code Section 7402(a)…".

18. Revenue Officer Sauls explained the requirements of the withholding laws and the significance of the Form Letter 903 to Mr. Adeola on April 17, 2013, thereby placing him on personal notice, as the corporate representative of BestCare, that BestCare is not meeting its obligations to deposit its federal employment and unemployment taxes. Revenue Officer Sauls also explained to Adeola that the Internal Revenue Service has the right to seek a civil injunction for BestCare's continued failure to pay those obligations.

19. The Fourth Circuit has not determined whether the traditional equitable factors used in determining whether an injunction should issue apply to suits under 26 U.S.C. § 7402(a). There is substantial authority for the proposition that the traditional equitable factors do not apply in suits for an injunction under section 7402(a). *See United States v. Renfrow*, 612

F.Supp.2d 677 (E.D.N.C. 2009); *Abdo v. IRS*, 234 F.Supp.2d 553, 564 (M.D.N.C. 2002), *aff'd*, 63 Fed.Appx. 163 (4th Cir. 2003).

20. In this case, enjoining the conduct of the defendants is appropriate under section 7402(a) even when the traditional equitable factors are considered. BestCare, under the direction of Kolawole Adeola, has violated and continues to violate the affirmative obligation imposed by the internal revenue laws to timely withhold, collect, and makes deposits of the federal employment and unemployment taxes owed by BestCare. Moreover, BestCare also continues to violate its obligation to timely file its federal employment and unemployment tax returns. A permanent injunction is necessary to prevent future violations of the law, as the Internal Revenue Service's attempts to bring BestCare into compliance have been unsuccessful.

21. The United States lacks an adequate remedy at law to compel BestCare and Kolawole Adeola's compliance with the tax laws. The Internal Revenue Service has exhausted all of its available administrative collection remedies. The repeated failure of both defendants to comply with the federal tax laws despite the administrative actions undertaken by the IRS necessitates the issuance of a permanent injunction to stop the further accrual of BestCare's delinquent tax liabilities.

22. "[T]axes are the lifeblood of government, and their prompt and certain availability an imperious need." *Bull v. United States*, 295 U.S. 247, 259 (1935). The United States has been deprived of significant tax revenues, including withheld employment taxes that BestCare's employees have already been credited with paying. The total amount of federal taxes which BestCare has failed to pay is $1,989,111.76, and the failure of BestCare to comply with its federal employment and unemployment tax obligations continues to this day.

23. Additional harms have resulted from the expenditure of significant IRS resources as a result of the administrative collection actions undertaken by the IRS to bring BestCare into compliance with federal tax laws.

24. BestCare's continued nonpayment of tax liabilities also gives it an unfair advantage over companies that meet their federal employment and unemployment tax obligations. This allows BestCare to use the lawful tax revenues of the United States to pay other, non-tax debts and liabilities, and gives BestCare a competitive advantage over its rivals.

25. BestCare's non-compliance also causes irreparable harm to the efficacy of the federal taxation system through its persistent flouting of the federal tax laws.

26. The only potential hardship for BestCare that could result from the issuance of a permanent injunction would be its forced compliance with federal law. Complying with the law is not a hardship in this instance.

27. The balance of the hardships weigh overwhelmingly in favor of the issuance of an injunction. Any potential injury to BestCare is vastly outweighed by the injury that would result to the United States from failure to issue a permanent injunction in this case. The irreparable harms mentioned present in this case weighs in favor of granting a permanent injunction compelling BestCare, by and through its principal, Kolawole Adeola, to comply with its obligations to timely file its tax returns and pay over its federal employment and unemployment tax liabilities to the Internal Revenue Service.

28. Enjoining BestCare's illegal conduct would serve the public interest. BestCare's failure to collect and remit its federal employment and unemployment taxes, including the income, social security, and Medicare taxes withheld from the wages of its employees,

undermines the federal system of taxation by reducing federal tax revenues, and provides BestCare with an unfair economic advantage over its competitors.

29. Absent an injunction, BestCare is likely to continue its pattern of interference with the internal revenue laws that has already led to the nonpayment of $1,989,111.76 in outstanding tax liabilities. BestCare has failed to meet its filing obligations for the first quarter of 2016, and is currently not complying with its duty to properly withhold, account for, and pay over its employment tax liabilities. An injunction compelling compliance with federal tax withholding laws is necessary in this case.

**JUDGMENT AGAINST BESTCARE FOR FEDERAL EMPLOYMENT TAXES**

**IT IS ORDERED** that a default judgment is hereby entered pursuant to Fed. R. Civ. P. 55(b) in favor of the United States of America and against BestCare Nursing and Residential Services, Inc. in the amount of $1,965,623.85, as of February 15, 2016, plus statutory additions to tax and interest accruing after that date, for unpaid federal employment taxes, penalties, and interest accruing during the taxable periods ending on: December 31, 2009; December 31, 2010; June 30, 2011; September 30, 2011; December 31, 2011; March 31, 2012; June 30, 2012; September 30, 2012; December 31, 2012; March 31, 2013; June 30, 2013; September 30, 2013; December 31, 2013; March 31, 2014; June 30, 2014; and September 30, 2014.

**JUDGMENT AGAINST BESTCARE FOR FEDERAL UNEMPLOYMENT TAXES**

**IT IS ORDERED** that a default judgment is hereby entered pursuant to Fed. R. Civ. P. 55(b) in favor of the United States of America and against BestCare Nursing and Residential Services, Inc. in the amount of $18,123.22, as of February 15, 2016, plus statutory additions to tax and interest accruing after that date, for unpaid federal unemployment taxes accruing during the taxable periods ending on December 31, 2011 and December 31, 2012.

**JUDGMENT AGAINST BESTCARE FOR FEDERAL CIVIL PENALTIES**

**IT IS ORDERED** that a default judgment is hereby entered pursuant to Fed. R. Civ. P. 55(b) in favor of the United States of America and against BestCare Nursing and Residential Services, Inc. in the amount of $5,364.69, as of February 15, 2016, plus statutory additions to tax and interest accruing after that date, for unpaid federal civil penalties assessed as a result of BestCare's failure to timely file its corporate income tax returns (Forms 1120) for tax years 2010, 2012, and 2013.

**PERMANENT INJUNCTION AGAINST BESTCARE AND KOLAWOLE ADEOLA**

**IT IS ORDERED** that a permanent injunction is hereby issued against BestCare Nursing and Residential Services, Inc. and Kolawole Adeola pursuant to 26 U.S.C. § 7402(a) and Federal Rules of Civil Procedure 55(b)(2) and 65, and in favor of the United States of America, to prevent the defendant BestCare Nursing and Residential Services, Inc. from accruing, or "pyramiding," unpaid employment and unemployment tax liabilities.

**IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1. BestCare Nursing and Residential Services, Inc., under the direction of Kolawole Adeola, has engaged, and is engaging in conduct that interferes with the enforcement of the internal revenue laws and injunctive relief under 26 U.S.C. § 7402(a) is appropriate to stop this conduct;

2. A permanent injunction is hereby entered prohibiting BestCare and Kolawale Adeola, and their agents, representatives, employees, accountants, attorneys, successors in interest and assigns, and all other people in active concert or participation with them, from failing to withhold and pay over to the Internal Revenue Service all employment and unemployment taxes as required by law;

3. BestCare and Kolawole Adeola are commanded to segregate, and hold separate and apart from all other funds, all monies withheld from employees or collected from others for taxes under any internal revenue laws of the United States, and to deposit the monies so withheld and collected, as well as the employer's share of employment taxes, in an appropriate federal depository bank in accordance with federal deposit regulations;

4. BestCare and Kolawole Adeola are further commanded to segregate, and hold separate and apart from all other funds, all unemployment tax monies for deposit in an appropriate federal depository bank every two weeks in accordance with the federal deposit regulations;

5. BestCare shall, for a period of five years, provide an affidavit signed by Kolawole Adeola to Revenue Officer Kinaberly Sauls, or her designee, or to any other such person or location as the IRS directs, stating that the required withheld employment and unemployment tax deposits were made, no later than the twentieth day of each month that all required federal tax deposits have been made;

6. BestCare is further commanded to timely file with the Internal Revenue Service, in care of Revenue Officer Kinaberly Sauls, or her designee, or to any other such person or location as the IRS directs, all required future employment and unemployment tax returns, including but not limited to IRS Forms 940, 941, and 944, and pay any balance due on those returns upon filing;

7. BestCare and Kolawole Adeola are further commanded to file any unfiled and past-due federal employment and unemployment tax returns with the Internal Revenue Service, in care of Revenue Officer Kinaberly Sauls, or her designee, or to any other such person or

location as the IRS directs, within 60 days of the entry of this order of permanent injunction;

8. BestCare and Kolawole Adeola, and their representatives, agents, employees, accountants, attorneys, and anyone in active concert or participation with them, for a period of five years, shall notify Internal Revenue Service Revenue Officer Kinaberly Sauls, or her designee, or any other such person as the IRS directs, within 10 business days upon beginning, operating, owning, managing, or working for any new business enterprise;

9. BestCare and its representatives, agents, servants, employees, accountants, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, shall be enjoined from assigning or transferring any property, or rights to property, or making any disbursements after the date of entry of the injunction unless all federal employment and unemployment taxes due for every pay period after entry of injunction have been paid in full;

10. The United States may obtain post-judgment discovery from BestCare and Kolawole Adeola to monitor and ensure their compliance with the permanent injunction;

11. This Court retains jurisdiction over this case to ensure compliance with the injunction, installment payment order, and any other action necessary to effect the collection of any final judgment; and

12. The United States may give notice of the entry of the foregoing permanent injunction against BestCare and Kolawole Adeola by mailing a true and correct copy thereof by certified or registered mail, return receipt requested, to each of the defendants

Signed this ____ day of ___August___, 2016.

_____
UNITED STATES DISTRICT JUDGE



12